**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

AUG 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

– – – – – – – – – – – – – – – –X    Civil Action No.

VINCENT J. DIMODICA,

              **Petitioner,**    CV-08-_____(      )

          vs.    **NOTICE OF PETITION**

UNITED STATES OF AMERICA,
MICHAEL B. MUKASEY, UNITED STATES
ATTORNEY GENERAL, and UNITED STATES
PAROLE COMMISSION,

           **Respondents**

Case: 1:08-cv-01487
Assigned To : Unassigned
Assign. Date : 8/27/2008
Description: Habeas Corpus/2255

– – – – – – – – – – – – – – – –

S I R (S):

    **PLEASE TAKE NOTICE** that upon the annexed Petition of VINCENT J. DIMODICA, the undersigned petitioner will move in the United States District Court, for the District of Columbia, on the 10th day of October, 2008, at 10:00 a.m., or as soon thereafter as counsel may be heard, for an order:

    1.    For a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring the procedures and actions of the named respondents, to wit: the unlawful extension, by an agency of the Executive Branch, of a sentence of imprisonment, imposed by the Judicial Branch, in violation of the Separation of Powers and in violation of petitioner's due process rights;

    2.    For corresponding injunctive relief, pursuant to 28 U.S.C. § 2202;

    3.    Alternatively, petitioner seeks judicial review in the nature of mandamus, pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701-706, et seq.; and

    4.    For such other and further or different relief as to _____ seem just and proper.

**RECEIVED**

AUG 1 5 2008

Clerk, U.S. District and
Bankruptcy Courts

PLEASE TAKE FURTHER NOTICE that at which time you may appear, and answer the petition in this action, if you deem appropriate.

**Dated:**          Otisville, New York          **Respectfully submitted,**
                    August 10, 2008

**To:**             Michael B. Mukasey
                    U.S. Attorney General          VINCENT J. DIMODICA
                    U.S. Dept. of Justice          **Petitioner, Pro Se**
                    950 Constitution Ave.          Register No. 71342-158
                    Washington, DC 20532          F.C.I. Otisville
                                                   P.O. Box 1000, Two Mile Dr.
                    U.S. Parole Commission          Otisville, NY 10963
                    5550 Friendship Blvd.
                    Chevy Chase, MD 20815

                    Clerk of the Court
                    United States District Court
                    District of Columbia
                    U.S. Courthouse
                    333 Constitution Ave., N.W.
                    Washington, DC 20001

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - -X   **Civil Action No.**
VINCENT J. DIMODICA,

                    Petitioner,


            vs.

UNITED STATES OF AMERICA,            **PETITION**
MICHAEL B. MUKASEY, UNITED STATES
ATTORNEY GENERAL, and UNITED STATES
PAROLE COMMISSION,

                    Respondents.
- - - - - - - - - - - - - - - -X

    VINCENT J. DIMODICA, the petitioner in the above-captioned
case, respectfully alleges the following to be true and correct,
to the best of his knowledge, under penalty of perjury, and
pursuant to 28 U.S.C. § 1746:

    1.  I am the petitioner in the above-captioned action, and
as such, I am fully familiar with all of the relevant facts and
circumstances alleged herein.

    2.  I am seeking judcial review and final judgment either in
the form of declaratory relief, or mandamus, with respect to a
decision of an agency of the United States.

    3.  Specifically, I was sentenced to a lawfully imposed term
of imprisonment in 1974, by the United States District Court,
District of New Jersey, subsequently paroled, and rearrested on
two separate violations.

    4.  The original term of imprisonment was 17 years.  I have
attached hereto as "EXHIBIT A" a copy of the Judgment and
Commitment Order.

5. I was originally paroled on June 18, 1980, after having served an approximate 6 years in prison.

6. On May 22, 1982, I was arrested on unrelated State charges, and on November 5, 1984 my Parole was revoked. A term of 96 months' imprisonment (8 years) was imposed, and on November 14, 1989, I was again re-paroled. I have attached hereto as "EXHIBIT B" a copy of the Parole Commission's NOTICE OF ACTION with respect to this matter.

7. Since this equates to an approximate 14 years' imprisonment on a 17 year sentence, the Parole Commission only had jurisdiction to maintain me under parole supervision until the end of the term. Accordingly, a review of the NOTICE OF ACTION attached as "EXHIBIT B" does <u>not</u> allege any "dead" or "delinquent" time.

8. Thus, the periods between June 18, 1980 and May 22, 1982 (1 year and 11 months) must be credited toward the maximum time on the sentence. Thus, 14 years (and change) along with 1 year and 11 months equates to 16 years' imprisonment.

9. It logically follows that the petitioner's term of parole should have expired as having reached the maximum term in or about December, 1990 (or in early 1991 at the latest).

10. However, petitioner was again violated on September 27, 1994, his parole was revoked, and he was forced to spend an additional 32 months imprisonment. I have attached hereto as "EXHIBIT C" a copy of the NOTICE OF ACTION. Accordingly, the parole notice does not point to any violation of terms or conditions of parole having occurred until August, 1994. Thus,

the petitioner reached the maximum expiration of the 17 year judicially imposed sentence, <u>prior</u> to any violative conduct having been committed.

11.    However, on May 28, 1997, petitioner was re-paroled, and his term of parole was extended, <u>unlawfully</u>, an additional 8 years, until July 26, 2005.  I have attached hereto as "EXHIBIT D" a copy of the CERTIFICATE OF PAROLE, and as "EXHIBIT E" a copy of a letter from the Parole Commission received in May, 2006.

12.    A review of "EXHIBIT D" clearly shows that the petitioner's maximum term was increased by 2981 days (which equates to an approximate 8 year, 2 month, and 1 day increase).

13.    In 1997, petitioner was detained on offenses alleged to have occurred from 1992-1994, and in 1997.

14.    A Presentence Investigation Report prepared in conjunction with those cases assessed the petitioner 3 criminal history points for the case itself, an additional 2 points for having "committed the instant offense while under any criminal justice sentence, including. . .parole" under U.S.S.G. § 4A1.1(d). and an additional 2 points for having "committed the instant offense less than two years after release from a sentence counted under (a) or (b). . ." pursuant to U.S.S.G. § 4A1.1(d).

15.    Thus, a total of 7 criminal history points were considered as part of the overall criminal history.

16.    The effect of this unlawfully increased maximum sentence was the dramatic increase in the sentence for the new

3

cases under the Sentencing Reform Act, under which, the rigorous guidelines calculations imposed harsh penalties, for example, being on parole at the time the new offense is committed.

17.    In other workds, had the respondents not unlawfully increased the maximum term of the judicially-imposed 17 year term, the petitioner would not have been on parole at the time of the instant offense.    Thus, he would have not been subjected to, at minimum, a 2 point level enhancement.

18.    Petitioner's sentence, then, as a direct result of this "legal wrong" was dramatically increased by between 2 and 7 points.

19.    In addition, the 32 month term of incarceration on the second violation--which petitioner maintains was imposed after the maximum term for the sentence, and parole, had actually expired--was illegal from the start.    That sentence also qualified under U.S.S.G. § 4A1.1(a), as an additional 3 points.

20.    Thus, petitioner is suffering from the type of "legal wrong" contemplated by both 28 U.S.C. §§ 2201 and 2202; as well as 5 U.S.C. §§ 701-706.

20.    The court should therefore fashion the appropriate remedy consistent with either declaratory and corresponding injunctive relief, pursuant to 28 U.S.C. §§ 2201 and 2202, or in the nature of mandamus or such other remedy, under the Administrative Procedures Act, 5 U.S.C §§ 701-706.

21.    No prior application has been made to this court, or to any other court of competent jurisdiction for the relief herein requested.

4

**WHEREFORE,** your petitioner respectfully requests judgment in his favor, with all relief to which he may be entitled under the laws of the United States.

Executed on the 10th                          **Respectfully submitted,**
of August, 2008, within
the State of New York.

VINCENT J. DIMODICA
**Petitioner   Pro Se**

United States of America  vs.

# United States District Court for

| DEFENDANT | VINCENT DI MODICA | DISTRICT OF NEW JERSEY |
|---|---|---|
| | | DOCKET NO. ▶  CR. 683-71 |

## JUDGMENT AND PROBATION/COMMITMENT ORDER    AO-245

**COUNSEL**

In the presence of the attorney for the government the defendant appeared in person on this date

| MONTH | DAY | YEAR |
|---|---|---|
| 9 | 16 | 74 |

[  ] WITHOUT COUNSEL    However the court advised defendant of right to counsel and asked whether defendant desired to have counsel appointed by the court and the defendant thereupon waived assistance of counsel.

[XX] WITH COUNSEL    Angelo R. Bianchi, Esquire
(Name of counsel)

**PLEA, FINDING, JUDGMENT**

The court has adjudged on_____9-16-74_____, that, the defendant having pleaded
(date)

[  ] GUILTY, and the court being satisfied that there is a factual basis for the plea,    [  ] NOLO CONTENDERE,

[XX] NOT GUILTY

and there being a finding/verdict of guilty_____

GOVERNMENT EXHIBIT 9-5

Defendant has been convicted as charged_____
of the offense(s) of conspiring to sell narcotic drugs not pursuant to written order; selling, dispensing and distributing narcotic drug not in or from original stamped pack; selling, bartering, exchanging and giving away narcotic drug which transaction was not pursuant to written order; and knowingly receiving & concealing narcotic drug which had been unlawfully imported into the U.S.A.

The court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the court, the court adjudged the defendant guilty as charged and convicted and ordered that: the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of five (5) years on count 1; 2 years on count 2 consecutive to count 1; 5 years on count 3 consecutive to counts 1 & 2; 5 years on count 4 consecutive to counts 1, 2 and 3.

**SENTENCE OR PROBATION ORDER**

**SPECIAL CONDITIONS OF PROBATION**

FILED
SEP 18 1974
AT 8:30 M
ANGELO W. LOCASCIO
Clerk

**INSTRUCTIONS**
If sentence is imposed. Enter: (1) sentence or sentences specifying counts if any, (2) whether sentences run concurrently or consecutively and, if consecutively, when each term is to begin with reference to termination of preceding term or to any outstanding or unserved sentence, (3) whether defendant is to be further imprisoned until payment of fine or fines and cost or until he is otherwise discharged provided by law.

If execution of sentence is suspended enter (in addition to items 1 thru 3 above) the facts regarding the suspension of the sentence(s) and the period of probation.

If imposition is suspended and probation ordered enter the following: "The imposition of sentence is hereby suspended and the defendant is placed on probation for a period of (    ) years from this date. If more space is needed continue on a blank sheet. Where probation is ordered probationer must be instructed as to its conditions.

**GENERAL CONDITIONS OF PROBATION**

Where probation has been ordered the defendant shall, during the period of probation, conduct himself as a law-abiding, industrious citizen and observe all conditions of probation prescribed by the court. **TO THE DEFENDANT** — You shall (1) refrain from violation of any law (federal, state, and local) and get in touch immediately with your probation officer if arrested or questioned by a law-enforcement officer, (2) associate only with law-abiding persons and maintain reasonable hours, (3) work regularly at a lawful occupation and support your legal dependents, if any, to the best of your ability (When out of work notify your probation officer at once, and consult him prior to job changes); (4) not leave the judicial district without permission of the probation officer; (5) notify your probation officer immediately of any change in your place of residence; (6) follow the probation officer's instructions and report as directed.
The Court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within the maximum probation period of 5 years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

**COMMITMENT**

The court orders commitment to the custody of the Attorney General and recommends,

It is ordered that the Clerk deliver a certified copy of this judgment and commitment to the U.S. Marshal or other qualified officer.

SIGNED BY
[X] U.S. District Judge
[  ] U.S. Magistrate

CLARKSON S. FISHER

Commitment Order    9-16-74
(date)

Probation Order    9/16
(date)

CERTIFIED AS A TRUE COPY ON
THIS DATE    9/    74
By    Ronald Wau
Page 1 of 1    [X] CLERK    [  ] DEPUTY

CLERK

COPY 1 (ORIGINAL)

**U.S. Department of Justice**

United States Parole Commission
Chevy Chase, MD 20815

# NOTICE OF ACTION

Name ——— ~~DINGUICA, Vincent~~                                   **New Jersey State Prison**

Register Number ——— ~~71342-158~~          Institution ——— ~~Leesburg~~

In the case of the above-named the following parole action was ordered:

**CONTINUE FOR A PRESUMPTIVE PAROLE FROM THE VIOLATOR TERM AFTER SERVICE OF 96 MONTHS (MAY 22, 1990).**

A presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. Prior to release your case will be subject to review to ascertain that these conditions have been fulfilled. For an explanation of special conditions of release, see the reverse side of this form.

*(Reasons / Conditions)*

If you are released from State custody prior to the above date, you will be taken into federal custody. You will then have a presumptive parole on the above date unless you are released earlier by expiration of sentence less good time. If you are still in state custody as of the above date, you will have a presumptive parole from the violator term to your state sentence on the above date. Number of days owed on federal parole violator term (3,957). Your parole violation has been classified as new criminal conduct of Category Five severity because it involved an armed robbery. Your salient factor score (SFS-81) is 3. The adult guidelines are applicable to your case. You have been in state and federal custody as a result of your violation behavior for a total of 28 months. Reparole guidelines indicate a range of 60-72 months to be served before re-release. After review of all revelant factors and information presented, a decision above the guidelines appears warranted because you are a more serious risk than indicated by your salient factor score in that you have an extensive history of criminal behavior which extends over the past thirty (30) years, indicating that you are a career criminal. Additionally, your instant violation behavior involved assaultive behavior while armed with a large caliber handgun in which a hostile confrontation with a police officer took place with you pointing your handgun at the officer before surrendering. Your extensive and repeated involvement in criminal behavior indicates that you will continue your criminal lifestyle whenever released. In addition, you have been scheduled for an interim record review during September, 1986. If you are returned to federal custody before that ~~time, an interim hearing will be conducted during that month, September, 1986.~~

SALIENT FACTOR SCORE (SFS 81): Your individual salient factor score items have been computed as shown below. For an explanation of the salient factor score items, see the reverse side of this form.

ITEM A [ **0** ]; B [ **0** ]; C [ **2** ; ( )*]; D [ **0** ]; E [ **0** ]; F [ **1** ]; Total Score [ **3** ]
*If five or more prior commitments, place an 'x' in the parenthesis in Item C.

Appeals procedure: You may appeal a decision to the Regional Commissioner under 28 CFR 2.25; except as noted below:

EXCEPTIONS:

_____. The above decision is appealable to the National Appeals Board under 28 CFR 2.26;
_____  The above is an original jurisdiction decision, and is appealable to the Commission under 28 CFR 2.27;
_____  THE ABOVE DECISION IS NOT APPEALABLE.

You may obtain appeal forms from your caseworker and they must be filed with the Commission within thirty days of the date this Notice was sent. Copies of this Notice are sent to your institution and/or your probation officer. In certain cases copies may also be sent to the sentencing court. You are responsible for advising any others, if you so wish.

---

11-5-84                              NERO                              ___
*(Date)*                  *(Region)(NAB)(Nat. Comm.)*                  *(Docket Clerk)*

4. Commission Copy

U S Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: DIMODICA, Vincent

Register Number: 71342-158                    Institution: MCC New York

In the case of the above-named parole action was ordered:

Revoke Parole.  None of the time spent on parole shall be credited.  Continue to a Presumptive Parole after service of 32 months (May 28, 1997).

**FINDINGS OF FACT:**

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

**CHARGE NO. 1(a):  Theft;**
      Basis:  Your conviction in the Circuit Court of Carroll County, Maryland on 10/23/94.

**CHARGE NO. 2:  Leaving District Without Permission.**

**CHARGE NO. 3:  Failure to Report Arrest.**
      Basis for the above stated charges:  Documentation submitted by the USPO dated 8/30/94.

The Commission makes no finding relative to the following charges:
**CHARGE NO. 1(b):  Conspiracy to Commit Theft.**

**REASONS:**

Your parole violation behavior has been rated as new criminal conduct of Category Three severity because it involved theft of at least $2,000 but less than $40,000 and administrative violations.  Your new salient factor score is 2.  You have been in federal confinement as a result of your violation behavior for a total of 5 months.  Guidelines established by the Commission indicate a customary range of 24-32 months to be served before release.  After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

As required by law, you have also been scheduled for a statutory interim hearing during March 1997.

**Appeals Procedure:**
The above decision is appealable to the National Appeals Board under 28 C.F.R. 2.26:

| | | | |
|---|---|---|---|
| March 30, 1995 | Eastern Region | Commissioner: John R. Simpson | Docket Clerk: dlw |

DLW

Notice of Action

.S Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Name: DIMODICA, Vincent**

**Register Number: 71342-158**          **Institution: MCC New York**

In the case of the above-named parole action was ordered:

SALIENT FACTOR SCORE (SFS-81):  Your salient factor score items have been computed as shown below.  For an explanation of the salient factor score items, see the reverse side of this form.

ITEM A[ 0 ];  B[ 0 ];  C[ 0 ] ( X );  D[ 1 ];  E[ 0 ];  F[ 1 ];  Total[ 2  ]

*If five or more prior commitments, place an 'x' in the parenthesis in Item C.

CC:     Linda S. Sheffield
        Attorney At Law
        800 Grant Building
        44 Broad Street, N.W.
        Atlanta, GA  30301

**Appeals Procedure:**
The above decision is appealable to the National Appeals Board under 28 C.F.R. 2.26:

March 30, 1995      Eastern Region      Commissioner: John R. Simpson      Docket Clerk: dlw



RECEIVED
MAY 06 1997
By *A.L.M. I.S.M. I.P.*

## U.S. Department of Justice
## United States Parole Commission

### CERTIFICATE OF PAROLE
### (Reparole)

Know all Men by these Presents:

It having been made to appear to the United States Parole Commission that **DiModica, Vincent,** Register No. **71342-158,** a prisoner incarcerated in the **Allenwood FCI** is eligible to be PAROLED, and in that said prisoner substantially observed the rules of the institution, and in the opinion of the Commission said prisoner's release would not depreciate the seriousness of this offense or promote disrespect for the law, and would not jeopardize the public welfare, it is ORDERED by the said United States Parole Commission that said prisoner be PAROLED on **May 28, 1997,** and that said prisoner is to remain within the limits of **District of New Jersey** until **July 26, 2005.**

Given under the hands and the seal of the United States Parole Commission on **May 5, 1997.**

UNITED STATES PAROLE COMMISSION

**By: Wm. Paul Ketchpaw, Acting Case Analyst**

Initial Risk Category: **SFS - 2**
Chief U.S. Probation Officer: **William P. Carroll, District of New Jersey**

I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof, I fully understand them and know that if I violate any, I may be recommitted. I also understand that the law requires the Parole Commission to revoke my parole if I am found by the Commission to have possessed any illegal controlled substance. I also understand that special conditions may be added or modifications of any condition may be made by the Parole Commission upon notice required by law.

| Name | | Reg. No. |
|---|---|---|
| Vincent Dimodica *Vincent D. Modica* | | 71342-158 |
| Witnessed: R. Lavella, Case Manager *Dan Celil   SDUSM* | | *5/13/97* |
| Name and Title | | Date |

The above-named person was released on the 28th day of May , 1997 with a total of 2981 days remaining to be served.

*Margaret L. Harding, Warden*
Official Certifying Release

This CERTIFICATE will become effective on the day of release indicated above. If the releasee fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant issued by a Commissioner of the U.S. Parole Commission and reimprisoned pending a hearing to determine if the release should be revoked.

### CONDITIONS OF RELEASE



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

May 31, 2006

Vincent DiModica
In Care of: Case Management Coordinator
Otisville FCI
P.O. Box 600
Two Mile Drive
Otisville, NY 10963

**Re:    DiModica, Vincent**
**Reg. No. 71342-158**

Dear Mr. DiModica:

This is to acknowledge your letter of May 22, 2006, concerning the termination date of your parole term for docket number CR-683-71.

Your parole term expired on July 26, 2005. A copy of the parole certificate issued May 5, 1997, was sent to the Bureau of Prisons and a copy should be available in your central file. The U.S. Parole Commission has closed interest in your case.

Sincerely,

*Lynne Jenkins*

Lynne E. Jenkins
Case Analyst

Queued: 05-31-2006 09:37:44 BOP-Otisville FCI |

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - -X   **Civil Action No.**
VINCENT J. DIMODICA,
                         **Petitioner,**   CV-08-_____ (     )


                   **vs.**


UNITED STATES OF AMERICA,          **MEMORANDUM OF LAW**
MICHAEL B. MUKASEY, UNITED STATES
ATTORNEY GENERAL, and UNITED STATES
PAROLE COMMISSION,

                         **Respondents.**

- - - - - - - - - - - - - - - - -X


## PRELIMINARY STATEMENT

This memorandum is respectfully submitted in support of my application for the relief requested in the Notice of Petition and Petition.   I contend that the court may utilize either alternative remedy to provide the necessary relief, and request said relief in the interest of justice.  It is the petitioner's contention that the respondents, and, more particularly, the U.S. Attorney General and United States Parole Commission, as an Agency and Officer of the Executive Branch, unlawfully extended a sentence imposed by the Judicial Branch, in violation of both the Separation of Powers and Due Process.  The following points and authorities are intended to guide this honorable court in its analysis with respect to this issue.

## STATEMENT OF FACTS

Since this issue is detailed in the petition under the appropriate headings, I will briefly summarize the facts relevant

to this issue.    In the case presently before the Court, the defendant was principally sentenced to a term of 17 years' imprisonment under the Comprehensive Drug Abuse Prevention Act of 1971.[1]    Petitioner spent approximately 6 years and 2 months in prison, and was paroled.    After having spent approximately 2 years on parole supervision, petitioner was violated after a new arrest for State level charges, and sentenced to an additional 96 months imprisonment for the first violation.    Petitioner was then released, and spent another 6 years on parole supervision. Realistically, petitioner had served the maximum term of his sentence, after having served 14.2 years in prison (6 years and 2 months initially, and 96 months (8 years) for the first violation) and 2 years 10 months of supervision), in 1991. However, petitioner was yet again violated, and forced to serve a term of 32 additional months imprisonment (2 years and 8 months), bringing the grand total to 16 years and 10 months imprisonment (with no statutory good conduct time), and an aggregate 8 years under supervision.    This equates to a total of 25 years' imprisonment.

Moreover, petitioner's term of parole supervision was extended by the Commission upon his release, to the year 2005, increasing, unlawfully, his sentence of 17 years to 31 years. This sentence, having been initially imposed by the Judicial Branch, was increased by the U.S. Parole Commission, an agency of the U.S. Department of Justice, part of the Executive Branch, a clear violation of Separation of Powers.

---

[1]    The petitioner was actually arrested in 1970, prior to the Act's effective date, however he was prosecuted under the General Savings Clause.

ANALYSIS

POINT ONE

**DECLARATORY JUDGMENT AND MANDAMUS
ARE BOTH PROPER FORMS OF RELIEF UNDER
WHICH THE COURT MAY REVIEW
DETERMINATIONS OF GOVERNMENT AGENCIES BOTH
UNDER 28 U.S.C. § 2201 & 5 U.S.C. §§ 701-706**

This case presents a threshold question of how to proceed, since the petitioner is not actually incarcerated under the parole violation itself. Rather, the petitioner is incarcerated secondary to a case under the Sentencing Reform Act. However, the "legal wrong" caused directly and unequivocally by the parole issue presented herein, enhanced the defendant by an additional 2 to 7 Criminal History points. Not only did this escalate his actual criminal history, but it had a chilling impact on the sentence itself. It is a well-settled principle that habeas relief is only available to parole issue cases where the prisoner is actually incarcerated under the violation itself. Angelino v. United States, 269 F.2d 241 (D.C. Cir. 1959), Id. at 245 (n. 5).

Thus, the question remains as to what is the proper remedy in special cases such as this where a prisoner is not incarcerated due to the underlying parole decision, but a "legal wrong" or collateral consequence resulting in the confinement or extended confinement.

This court has held that declaratory judgments and review under the Administrative Procedures Act are both viable remedies. See, generally, Candarini v. Attorney General of the United States, 369 F.Supp. 1131 (E.D.N.Y. 1974(); Hurley v. Reed, 288 F.2d 844 (D.C. Cir. 1961); and Angelino v. United States, supra. These two remedies are coextensive in nature, and neither remedy has a limitation period under which it may be invoked. In other

3

words, these remedies may be used at any time. Indeed,
declaratory judgments extend to any case involving "actual
controversy," where the Administrative Procedures Act holds that:

> "A person suffering legal wrong because
> of. . .or adversely affected. . .by
> agency action. . .is entitled to
> judicial review thereof."

Id. at 5 U.S.C. § 702, in pertinent part.

There can be no greater "legal wrong" or "adverse[]
affect[]" than the loss of liberty. Thus, either remedy is
appropriate, and in the interest of justice.

POINT TWO

THE U.S. PAROLE COMMISSION, AN AGENCY
OF THE EXECUTIVE BRANCH, VIOLATED
THE SEPARATION OF POWERS CLAUSE TO
THE U.S. CONSTITUTION BY UNLAWFULL
INCREASING A SENTENCE IMPOSED BY THE JUDICIAL BRANCH

A.  INTRODUCTION:

Our democratic form of Government is divided into three
separate and distinct branches: 1) Legislative; 2) Executive; and
3) Judicial. Each branch has its own unique powers and
responsibilities. The Legislative Branch, of course, is the
division charged with the responsibility of making the laws. The
Executive Branch, as the division responsible for enforcing the
laws, extends to 1) investigating crimes; 2) arresting offenders;
3) prosecuting those accused of crime; and 4) execution of
sentences imposed by the Judicial Branch. These powers are
conferred upon the U.S. Department of Justice, under 28 U.S.C. §
501. The Judicial Branch is the division responsible for
interpreting the laws. In a criminal issue, a defendant is

4

sentenced under the laws of the United States, thus, it is the Judge, as a member of the Judicial Branch, responsible for interpreting the applicable laws under which a defendant is to be sentenced.    Hence, the Judicial Branch is the division solely responsible for imposing a sentence on those convicted of criminal offenses.    Once a sentence is imposed, it can only be changed by either the Court which imposed the sentence, under 18 U.S.C. § 3582, 28 U.S.C. §§ 2241 or 2255, or Fed. R. Crim. P. Rule 35.[2]    Insofar as "execution of sentence" imposed by the Judicial Branch, the Department of Justice, under the Executive Branch, operating under the direction and control of the Attorney General pursuant to 28 U.S.C. § 503, is the division solely responsible for this function.    There are three agencies under that division and Department, which may independently be responsible for execution of sentences.    Occasionally, those agencies may operate under concurrent jurisdiction.    Namely, the Federal Bureau of Prisons, U.S. Parole Commission, and the U.S. Probation Department are the agencies responsible for the execution of sentence.    The Federal Bureau of Prisons is, of course, the agency responsible for the execution of sentences of imprisonment, either under the former law, or under the Sentencing Reform Act of 1984.    The U.S. Probation Department is the agency responsible for sentences of probation without incarceration, or sentences having a component of either probation or post-release supervision under the Sentencing Reform Act of 1984.    The U.S. Parole Commission is the agency responsible for the execution of sentence concurrently with the

---

[2]    The exception to this rule is the power of the President of the United States, as Chief Executive of the Executive Branch, to alter a sentence via pardon or commutation.    However this Constitutional grant of power is limited only to the President.

Federal Bureau of Prisons for offenders eligible for parole supervision under the law in effect prior to the Sentencing Reform Act of 1984.

Although the U.S. Parole Commission is an agency under the direction of a Commissioner, the U.S. Attorney General is the ultimate authority empowered under the law for the administration of all agencies under the control of the Department of Justice, pursuant to 28 U.S.C. § 509, and 18 U.S.C. § 4204 (repealed).

B.    GOVERNING LAW:

The U.S. Supreme Court has given voice to, and has reaffirmed the central judgment of the Framers of the Constitution that, within our political scheme, the separation of governmental powers into three coordinate Branches is essential to the preservation of Liberty.  See, e.g., Morrison v. Olson, 487 U.S. 654 (1988); Bowsher v. Synar, 478 U.S. 725.  James Madison, in writing about the principle of separated powers, said:

> "No political truth is certainly of
> greater intrinsic value or is stamped
> with the authority of more enlightened
> patrons of liberty."

The Federalist, No. 47, P. 324 (J. Cooke ed. 1961).

In applying the principle of separated powers in our jurisprudence, the Courts have sought to give life to Madison's view of the appropriate relationship among the three coequal Branches.  Accordingly, the Courts have recognized, as Madison admonished at the founding, that while our Constitution mandates that:

6

> "each of the three general departments
> of government [must remain] entirely
> free from the control or coercive
> influence, direct or indirect, of either
> of the others,"

Humphrey's Executor v. United States, 295 U.S. 602 (1935), the
Framers did not require--and indeed rejected--the notion that the
three Branches must be entirely separate and distinct.  See,
e.g., Nixon v. Administrator of General Services, 433 U.S. 425
(1977)(rejecting, as archaic, complete division of authority
between the three Branches).  Madison, defending the Constitution
against the notion that it established insufficiently separate
Branches, addressed the point directly.  Separation of powers, he
wrote:

> "d[oes] not mean that these [three]
> departments ought to have no partial agency
> in, or no controul [sic] over the acts of
> each other. . .[but rather] that where the
> whole power of one department is exercised by
> the same hands which possess the whole power
> of another department, the fundamental
> principles of a free constitution, are
> subverted."

The Federalist, No. 47, pp. 325-326 (J. Cooke ed. 1961)(emphasis
in original).  See Nixon, supra.  Madison recognized that our
constitutional system imposes upon the Branches a degree of
overlapping responsibility, a duty of interdependence as well as
independence, the absence of which "would preclude the
establishment of a Nation capable of governing itself
effectively." Buckley v. Valeo, 424 U.S. 1 (1976)(acknowledging
the necessity of interdependence within a system of checks and
balances).

However, even adopting and accepting this flexible
understanding of separated powers, the Supreme Court has indeed

recognized Madison's teaching that the system was created, as such, to avoid the accumulation of excessive authority in a single Branch.  With this warning in mind, he reminds us that:

> "[T]he greatest security against a concentration of the several powers in the same department, consists in giving to those who administer each department, the necessary constitutional means, and personal motives, to resist encroachments of the others."

The Federalist, No. 51, p. 349 (J. Cooke ed. 1961).  Accordingly, the Supreme Court has noted many times that the Framers:

> "built into the triparte Federal Government.  .  .a self-executing safeguard against the encroachment.  .  .of one branch at the expense of another."

Buckley, supra, Id. at 122, see also, I.N.S. v. Chadha, 462 U.S. 919 (1983).

It is this concern of encroachment and aggrandizement that has animated our separation of powers jurisprudence and aroused vigilence against the "hydraulic pressure inherent within separate Braches to exceed the outer limits of its power." Ibid. Accordingly, the Courts have consistently struck down provisions of laws that either accrete to a single Branch or that undermine the authority and independence of one or another coordinate Branch.  For example, in cases specifically involving the Judicial Branch, as here, there is an inquiry with respect to the existence of two dangers.  First, the Judicial Branch must neither be assigned nor allowed "tasks that are more properly accomplished by [other] [B]ranches," Morrison v. Olson, supra, Id. at 680-681, and, second, that no provision of law

"impermissibly threatens the institutional integrity of the Judicial Branch." Commodity Futures Trading Commission v. Schor, 478 U.S. at 851. Just as the Framers recognized the particular danger of the Legislative Branch's accreting to itself judicial or executive power, so too have the Courts invalidated attempts by congress to exercise the responsibilities of other Branches or to reassign powers vested by the Constitution in either the Judicial Branch or the Executive Branch. Bowsher v. Synar, supra, id. at 714. Cf. I.N.S. v. Chadha, supra, (Congress may not control execution of laws except through Article I proceedures); and Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982)(Congress may not confer Article III power on Article I Judge).

According to expess provisions of Article III, the judicial power of the United States is limited to "cases" and "controversies." Muskrat v. United States, 219 U.S. 346 (1911). In implementing this limited grant of power, the Supreme Court has consistently refused to issue advisory opinions or to resolve disputes which are not justiciable. See, e.g., Flast v. Cohen, 392 U.S. 83 (1968). These doctrines help to ensure the independence of the Judicial Branch by precluding debilitating entanglements between the Judiciary and the two political branches, and prevent the Judiciary from encroaching into areas reserved for the other Branches by extending Judicial power to matters beyond those disputes "traditionally thought to be

capable of resolution through the judicial process." Flast v. Cohen, supra; see also United States Parole Commission v. Geraghty, 445 U.S. 396 (1979). As a general principle, the Supreme Court has repeatedly stated that "executive or administrative duties of a nonjudicial nature may not be imposed on judges holding office under Article III." Morrison, supra, and Buckley, supra. See, also, Hayburn's Case, 2 Dall 409, 1 L.Ed. 436 (1792). Thus, since the Judicial Branch is not permitted to exercise the powers of the Executive Branch, it likely follows that the Executive Branch is not permitted to exercise the powers of the Judicial Branch. Imposing, changing, altering, or even correcting a sentence, is a power solely reserved to the Judicial Branch.

Under Section 3621 of Title 18, of the United States Code, a person who has been sentenced to a term of imprisonment "shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed. . ." The Bureau of Prisons may not change any sentence. This issue came before the court recently in Abdul Malik v. Hawk-Sawyer, 403 F.3d 72 (2005), where the Second Circuit recognized that the Bureau of Prisons' nunc pro tunc deisgnation authority, effectively gave the Bureau the power to alter the concurrent or consecutive nature of terms of imprisonment imposed by State Courts in violation of the Separation of Powers clause. In so holding, the Court stated:

> "A separation of powers issue arises when the same branch of government that prosecutes federal prisoners determines concurrency in lieu of the judge. Federalism concerns are implicated because the federal BOP is given the effective authority to enforce (or not) a state court's determination that a state sentence should run concurrently."

In the context of the U.S. Parole Commission altering judicially imposed sentences, this very Court stated:

> "No matter what the guidelines recommend, they cannot be used to incarcerate a prisoner beyond his or her sentence imposed by the sentencing judge. See United Stattes v. Addonizio, 442 U.S. 178 (1979)"

Guerra v. Meese, 614 F.Supp. 1430 (D.C.D.C. 1985), Id. at 1434 (n. 9)(internal citations modified to exclude parallel citations). This Court followed the Sixth Circuit's opinion in Farkas v. United States, 744 F.2d 37 (6th Cir. 1984), holding that:

> "The Commission's parole decision cannot alter the terms of any judicially imposed sentence or the penalty provisions of the criminal laws on which such sentences are based. The guidelines cannot be applied to detain a person beyond his maximum release date."

In petitioner's case, he was most certainly detained and held on parole well-beyond the terms of the judicially imposed sentence, in clear violation of the Separation of Powers, and in violation of Due Process.

C.   CONCLUSIONS OF LAW:

Therefore, with respect to the fact that the United States Parole Commission, an agency under the authority of the U.S. Department of Justice, and under the Executive Branch, has no authority to change a sentence which has been imposed by a member of the Judicial Branch. The U.S. Parole Commission in this case impermissibly assumed the role of the Judicial Branch and unlawfully extended the petitioner's sentence well-beyond the 17

11

## CERTIFICATE OF SERVICE

I, VINCENT J. DIMODICA, hereby certify under penalty of perjury that on the 10th day of August, 2008, I served a true and complete copy of the NOTICE OF PETITION, PETITION and MEMORANDUM OF LAW, together will all exhibits in support thereof, on the following parties:

Michael B. Mukasey             United States Parole Commission
U.S. Attorney General          5550 Friendship Boulevard
U.S. Department of Justice     Chevy Chase, MD 20815
Flag Building
950 Constitution Ave., N.W.
Washington, DC 20532

by placing them in properly addressed envelopes, and by delivering them to the institutional mailing room at the Federal Correctional Institution, in Otisville, New York, for delivery into the exclusive care, custody and control of the United States Postal Service.

I hereby certify that the above statement is true and correct under penalty of perjury on this 10th day of August, 2008.

Vincent J. DiModica

year term imposed by the Judicial Branch.   Thus, the separated
powers of the Judicial Branch were unlawfully encroached upon by
an agency of the Executive Branch, in violation of the law, and
the U.S. Constitution.

POINT THREE

DUE PROCESS CONCERNS ARISE WHEN
AGENCIES SUCH AS PAROLE INTERFERE
WITH JUDICIALLY IMPOSED SENTENCES

There is a two-step inquiry in analyzing due process claims.
The first step is to identify a protected interest presently
enjoyed or possessed.   Fuentes v. Shevin, 407 U.S. 67 (1972);
Goldberg v. Kelly, 397 U.S. 254; Sniadach v. Family Finance
Corporation, 395 U.S. 337 (1969).   In this case, the petitioner
is in incarcerated person pursuant to a lawfully imposed judgment
of the Court.   Clearly petitioner is not at liberty, but has a
liberty interest.

Once a protected interest is identified, the next step
requires determining what procedural protections, if any, are
due, and if in fact they have been afforded.   Accord, Morrisey v.
Brewer, 408 U.S. 471 (1972).   In Morrisey, the Court wrote:

> "Whether any procedural protections are
> due depends on the extent to which an
> individual will be 'condemned to suffer
> grievous loss.'   The question is not
> merely the 'weight' of the individual's
> interest, but whether the nature of the
> interest is one within the contemplation
> of the 'liberty or property' language of
> the Fourteenth Amendment."

As a general rule, the "full panalopy" of rights afforded to
an individual in a criminal prosecution is not available to those

12

subjected to parole revocation. This is based on the premise that no matter what the Commission (or Board) does, may alter the original sentence (or maximum term thereof) imposed by the Court. There can be no question that where a sentence has been imposed by a judicial officer, after having had the benefit of all rights conferred by the Fifth Amendment, the Parole Commission cannot now subvert those protections under the guise of its guidelines and procedures.

Agency determinations which implicate due process require investigation of the "governmental function" of the agency itself, and whether or not a private or liberty interest has or may be affected by that action. The Supreme Court determined the specifics of this in Cafeteria and Restaurant Workers Union v. McElroy, 367 U.S. 896 (1961). Writing for the majority, Mr. Justice Stewart remarked:

> "As these and other cases make clear, consderation of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved aw well as of the private interest that has been affected by governmental action."

It should be noted at the outset that since the Supreme Court's decision in Citizens to Preserve Overton Park Inc. v. Volpe, 401 U.S. 402 (1971), administrative action is reviewable under the abuse of discretion standard. With respect to decisions of whether to grant or deny parole, the Commission and its members enjoy statutory grants of wide discretion. See 18

13

U.S.C. § 4203 (repealed). That discretion has been described as "unreviewable" or "almost unreviewable." Tarlton v. Clark, 441 F.2d 384 (5th Cir. 1971) cert. denied, 403 U.S. 934 (1971). However, when an agency, such as the parole commission, "exceeds the outer limits" of its authority, such as in this case, its actions are clearly reviewable under the abuse of discretion standard. Buchanan v. Clark, 446 F.2d 1379 (5th Cir. 1971) cert. denied, 404 U.S. 979 (1971); see also 5 U.S.C. § 706(2)(A), and Citizens to Preserve Overton Park Inc., supra.

There can be no clearer picture that the actions of the respondents exceeded their authority and unlawfully usurped the petitioner's Fifth Amendment rights with respect to the procedural protections inherent in imposing (or changing) a sentence of incarceration. Those rights were unlawfully subverted by the respondents and cannot be permitted to remain as such.

## CONCLUSION

For all of the foregoing reasons, the petitioner respectfully requests that this Honorable Court grant all relief to which he may be entitled.

Dated:    August 10, 2008
          Otisville, New York

To:       Clerk of the Court
          U.S. District Court
          District of Columbia
          333 Constitution Ave.
          Washington, DC 20001

          Michael B. Mukasey
          U.S. Attorney General
          U.S. Dept. of Justice
          950 Constitution Ave. N.W.
          Washington, DC 20532

          U.S. Parole Commission
          5550 Friendship Blvd.
          Chevy Chase, MD 20815

Respectfully submitted,

VINCENT J. DiMODICA
Petitioner, Pro Se
Register No. 71342-158
F.C.I. Otisville
P.O. Box 1000, Two Mile Dr.

14